IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Louise Reitz, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:19-cv-3425 |
| Global Credit & Collection Corp., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Louise Reitz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Louise Reitz ("Reitz"), is a citizen of the State of Florida, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a QVC account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Global Credit & Collection Corp. ("Global"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Chicago, Illinois, Defendant Global operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state. In fact, Defendant Global was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Global is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Illinois.

**FACTUAL ALLEGATIONS**

6. Ms. Reitz is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to QVC. While Global was trying to collect this debt from Ms. Reitz, by calling Ms. Reitz, including, but not limited to telephone calls on June 7, 2018 and June 16, 2018, and by sending her collection letters, dated June 5, 2018 and July 12, 2018, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program concerning Global's collection actions. Copies of these letters are attached as Group Exhibit B.

7. Accordingly, on August 19, 2018, one of Ms. Reitz's attorneys at LASPD informed Global, in writing, that Ms. Reitz was represented by counsel, and directed Global to cease contacting her, and to cease all further collection activities because Ms. Reitz was forced, by her financial circumstances, to refuse to pay her unsecured debts. A copy of this letter and fax confirmation is attached as Exhibit C.

8. Nonetheless, Defendant Global sent a collection letter, dated October 10, 2018, directly to Ms. Reitz, which demanded payment of the QVC debt. A copy of this collection letter is attached as Exhibit D.

9. Accordingly, on January 7, 2019 one of Ms. Reitz's LASPD attorneys had to write to Defendant Global to demand, yet again, that it cease communications and cease collection of the debt. A copy of this letter and fax confirmation is attached as Exhibit E.

10. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

11. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

12. Defendant Global's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Reitz's attorneys at LASPD told Defendant Global to cease communications and cease collections (Exhibit C). By continuing to communicate regarding payment of this debt (Exhibit D), Defendant Global violated § 1692c(c) of the FDCPA.

17. Defendant Global's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

20. Defendant Global knew that Ms. Reitz was represented by counsel in connection with this debt because her attorneys at LASPD had informed Defendant, in

4

writing (Exhibit C), that she was represented by counsel, and had directed Defendant Global to cease directly communicating with her. By directly sending Ms. Reitz the October 10, 2018 collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Global violated § 1692c(a)(2) of the FDCPA.

21. Defendant Global's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Louise Reitz, prays that this Court:

1. Find that Defendant Global's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Reitz, and against Defendant Global, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Louise Reitz, demands trial by jury.

Louise Reitz,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: May 21, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com